# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **CHRISTOPHER ALLEN, JOSHUA MARTIN, AND JEFF SPURGEON,** *Individually and On Behalf of All Others Similarly Situated*,<br><br>            Plaintiffs,<br><br>      v.<br><br>**D & T PROPERTY MANAGEMENT, LLC and FLOYD ERVIN DYESS,**<br><br>            Defendants. | Civil Case No.:<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiffs Christopher Allen, Joshua Martin, and Jeff Spurgeon (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys, hereby bring this Collective Action Complaint against Defendants D & T Property Management, LLC and Floyd Ervin Dyess ("Defendants"), and allege of their own knowledge and conduct and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1.      Plaintiffs bring this action for themselves and all other similarly situated collective members, to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs as a result of Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq.*

2.      Defendant D & T Property Management, LLC is a company engaged in managing real estate.

3.      Defendants violated the FLSA by suffering and permitting property workers to work over forty (40) hours per week but not paying any hourly overtime pay for such hours, which should have been paid at a rate of not less than one and one-half times the regular rate of pay.

4. Plaintiffs assert the FLSA claims on behalf of a putative FLSA collective, defined as:

> *All property workers employed by any Defendant at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

5. Plaintiffs seek to send a Notice pursuant to 29 U.S.C. § 216(b) to all putative collective members permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

6. At all relevant times, Defendants have willfully and intentionally committed widespread wage theft violations of the above-described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims raise a federal question under 29 U.S.C. § 201, *et seq.*

8. This Court has personal jurisdiction over Defendant D & T Property Management, LLC because Defendant's principal place of business is in the State of Tennessee.

9. This Court has personal jurisdiction over Defendant Floyd Ervin Dyess because Defendant resides in the State of Tennessee.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of this judicial district and because a substantial portion of the events that give rise to the Plaintiffs' asserted claims occurred in this district.

## THE PARTIES

11. Defendant D & T Property Management, LLC is a for-profit entity created and existing under and by virtue of the laws of the State of Tennessee.

12. D & T Property Management, LLC is a company engaged in real estate management and has one office location within the United States. Its principal office is located at 37 RIVERPORT DR JACKSON, TN 38301-5748 USA registered agent for service of process in Tennessee is FLOYD DYESS located at 37 RIVERPORT DR, JACKSON, TN 38301-5748 USA.[1]

13. Defendant Floyd Ervin Dyess is the owner of D & T Property Management, LLC and resides at 353 WEST AVE, MEDINA, TN 38355-8704.

14. Defendants employed "property workers," whose primary duties were doing various tasks to manage and preserve Defendants' properties, including but not limited to visiting properties taking pictures, removing interior and exterior debris from the properties, cleaning, mowing, mulching, replacing shingles, etc.

15. Plaintiffs Christopher Allen, Joshua Martin, and Jeff Spurgeon ("Plaintiffs") are adult residents of Madison County, Tennessee.

16. Allen was employed by Defendants as a property worker from approximately October 2018 to March 2020 at Defendants' Jackson, TN location.

17. Martin was employed by Defendants as a property worker from approximately March 19, 2019 through March 2020 at Defendants' Jackson, TN location.

18. Spurgeon was employed by Defendants as a property worker from approximately July 2019 to April 1, 2020 at Defendants' Jackson, TN location.

19. Plaintiffs' written consents to become FLSA parties are attached hereto as **Exhibit 1**.

## FACTUAL ALLEGATIONS

---

[1] *See* Tennessee Secretary of State website:

https://tnbear.tn.gov/Ecommerce/FilingDetail.aspx?CN=023072198050160060074052017168236016152236012116 (last accessed September 29, 2020).

3

20. Plaintiffs repeat and reallege all preceding paragraphs of the Complaint, as if fully set forth herein.

21. Defendant D & T Property Management, LLC is an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

22. Defendant D & T Property Management, LLC is an enterprise that has had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

23. At all relevant times alleged herein, Defendants were/are the "employer" of property workers within the meaning of 29 U.S.C § 203(d).

24. Defendants knowingly "suffered or permitted" property workers to work and thus "employed" them within the meaning of 29 U.S.C. §203(g).

25. Defendants, directly or indirectly, hired the property workers and determined the rate and method of the payment of their wages.

26. Defendants controlled property workers' work schedules, duties, protocols, applications, assignments and work conditions.

27. At all relevant times alleged herein, property workers performed job duties that do not fall within any exemptions from overtime under the FLSA.

28. Property workers regularly worked over forty (40) hours per week.

29. Defendants failed to pay property workers any hourly overtime pay for hours worked over forty (40) in a workweek.

30. As a result of Defendants' illegal pay policies and practices, property workers were deprived of overtime pay at a rate of not less than one and one-half times the regular rate of pay for hours worked over forty per week.

31. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, have not been exercised in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor or any administrative practice or enforcement policy of such a department or bureau.

32. Defendants' widespread violations of the above-described federal wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiffs repeat and reallege all preceding paragraphs of the Complaint, as if fully set forth herein.

34. Plaintiffs bring this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, on behalf of all property workers who have been affected by Defendants' common unlawful policies and practices of failing to properly pay overtime wages, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq*.

35. Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

> *All property workers employed by any Defendants at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

Plaintiffs reserve the right to amend this definition as necessary.

36. Plaintiffs bring this collective action against Defendants to recover unpaid overtime compensation, liquidated damages, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

37. The collective action further alleges a willful violation of the FLSA and is covered by a third year of limitations.

38. Plaintiffs seek to send Notice to all similarly situated property workers as provided by 29 U.S.C. § 216(b) and supporting case law.

39. Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiffs under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiffs bring this collective action are similarly situated because: (a) they had the same job positions and performed the same or similar job duties as one another on behalf of Defendants; (b) they were subject to the same or similar unlawful policies and practices as stated herein; and (c) their claims are based upon the same factual and legal theories.

40. Plaintiffs anticipate that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendants' records.

41. Plaintiffs and the putative FLSA collective members demand a trial by jury.

### CLAIM FOR RELIEF
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**(Brought by Plaintiffs Individually and on Behalf of the FLSA Collective)**
**Failure to Pay Overtime Wages**

42. Plaintiffs repeat and reallege all preceding paragraphs of the Complaint, as if fully set forth herein.

43. Defendants employed Plaintiffs and the FLSA collective members as property workers.

44. Defendants suffered and permitted Plaintiffs and the FLSA collective members to work more than forty (40) hours in one or more workweeks.

45. Defendants failed to pay Plaintiffs and the FLSA collective members any hourly overtime pay for hours worked over forty (40) in a workweek.

46. As a result of the Defendants' common illegal policies and practices stated herein, Defendants failed to pay Plaintiffs and the FLSA collective members the required overtime

compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) per week.

47. Defendants' uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

48. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

49. As a result of Defendants' uniform policies and practices described above, Plaintiffs and the FLSA collective members are illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief against Defendants as follows:

(A) A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B) An Order for injunctive relief ordering Defendants to comply with the FLSA and end all of the illegal wage practices alleged herein;

(C) Certifying this action as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(D) Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective members;

(E) Authorizing Plaintiffs' counsel to send notice(s) of this action to all FLSA collective class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(F) Designating Lead Plaintiffs as the representative of the FLSA collective in this action;

(G) Designating the undersigned counsel as counsel for the FLSA collective in this action;

(H) Judgment for damages for all unpaid wages and liquidated damages to which Plaintiffs and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(I) An incentive award for the Lead Plaintiffs for serving as representatives of the FLSA collective in this action;

(J) An Order directing Defendants to pay Plaintiffs and members of the collective reasonable attorney's fees and all costs connected with this action pursuant to the FLSA;

(K) Judgment for any and all civil penalties to which Plaintiffs and members of the collective may be entitled; and

(L) Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Plaintiffs, individually and on behalf of all other FLSA collective members, by and through their attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: October 26, 2020             Respectfully submitted,

                                    By:   /s/ Lisa A. White
                                          Lisa A. White
                                          Justin G. Day

Greg Coleman Law PC
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Main:  865-247-0080
lisa@gregcolemanlaw.com
justin@gregcolemanlaw.com

*Local Counsel for Plaintiffs*

Jason T. Brown (will PHV)
Lotus Cannon (will PHV)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
Telephone: (877) 561-0000
Facsimile: (855) JTB-LAWS
jtb@jtblawgroup.com
lotus.cannon@jtblawgroup.com

*Lead Counsel for Plaintiffs*